## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| FOLIAR NUTRIENTS, INC., BIG BEND AGRI-SERVICES, INC., and MONTY FERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, <br><br> SERVE: <br> Commissioner Ralph T. Hudgens <br> Georgia Insurance Department <br> Enforcement Division <br> 2 Martin Luther King, Jr. Drive <br> West Tower, Suite 620 <br> Atlanta, GA 30334 <br><br> Defendant. | Case No.   1:14-CV-75(WLS) |

### COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiffs Foliar Nutrients, Inc., Big Bend Agri-Services, Inc. and Monty Ferrell (collectively referred to herein as "Big Bend"), by and through their undersigned counsel, for their Complaint against Nationwide Agribusiness Insurance Company ("NABIC"), state and allege as follows:

### PARTIES AND JURISDICTION

1.     Plaintiff Foliar Nutrients, Inc. is a corporation organized and existing under the laws of the State of Georgia and has its principal place of business at 320 First Ave., Cairo, Grady County, Georgia 39828.  Foliar Nutrients, Inc. is qualified to do business in Georgia and is in good standing under the laws of the State of Georgia.

2.     Plaintiff Big Bend Agri-Services, Inc. is a corporation organized and existing under the laws of the State of Georgia and has its principal place of business at 320 First Ave.,

Cairo, Grady County, Georgia 39828.  Big Bend Agri-Services, Inc. is qualified to do business in Georgia and is in good standing under the laws of the State of Georgia.

3. Monty Ferrell is an individual citizen of the United States and executive officer of Foliar Nutrients, Inc., with a permanent residence in Georgia.

4. Upon information and belief, NABIC is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in the State of Ohio.

5. This is an insurance coverage action for declaratory relief and breach of contract, arising out of NABIC's refusal to defend Big Bend against counterclaims filed by Plant Food Systems and Carl Fabry (collectively referred to as "PFS") in the lawsuit styled *Foliar Nutrients, Inc. v. Plant Food Systems, Inc., et al,* Case No. 6:13-cv-748-orl-37KRS, filed in the United States District Court for the Middle District of Florida (hereinafter the "PFS Counterclaims").

6. The Court has jurisdiction over these claims under 28 U.S.C. § 1332.

7. Venue is proper in this Court under 28 U.S.C. § 1391 and Rule 3.4.

## ALLEGATIONS COMMON TO ALL COUNTS

8. NABIC issued a Commercial General Liability policy to Big Bend, effective July 1, 2012 to July 1, 2013, with policy number CPP119071A (the "CGL Policy").  The CGL Policy was renewed for another annual term on July 1, 2013.  A copy of the CGL Policy is attached hereto as **Exhibit A**.

9. NABIC also issued a Commercial Liability Umbrella policy to Big Bend, effective July 1, 2012 to July 1, 2013, with policy number CU119071A (the "Umbrella Policy").  The Umbrella Policy was renewed for another annual term on July 1, 2013.  A copy of the Umbrella Policy is attached hereto as **Exhibit B**.

10.     Big Bend has satisfied all obligations under the NABIC policies, including (but not limited to) full premium payment and timely notice of the PFS Counterclaims.

11.     Alternatively, NABIC has waived any coverage defense it may have based on non-payment of premium or failure to provide timely notice.

12.     Big Bend notified NABIC of the PFS Counterclaims and demanded that NABIC defend it in the same on or about August 23, 2013.

13.     Under the CGL Policy, NABIC has "the right and duty to defend the insured against any 'suit' seeking" damages because of "'personal and advertising injury' to which this insurance applies. . . ." See **Exhibit A**.

14.     The CGL Policy insures against "'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period." See **Exhibit A.**

15.     Relevant to the PFS Counterclaims, the CGL Policy insures against "personal and advertising injury" arising out of one or more of the following offenses:

>  1.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.
>
>  * * *
>
>  f.     The use of another's advertising idea in your "advertisement"; or
>
>  g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**Exhibit A.**

16.     The PFS Counterclaims accuse Big Bend of, among other things, Lanham Act violations, tortious interference, unfair competition, "false and misleading descriptions of fact

and representations of fact about its own and PFS' product," "contact[ing] PFS' customers and [telling] them that Foliar was in litigation with PFS and they should not purchase the PFS product" despite there being no litigation at that time, and "wrongfully coerc[ing] and threaten[ing] the actual and prospective customers of PFS . . . that, if they purchased and used the fertilizer products of PFS, they and their customers would be subjected to expensive and time consuming litigation. . . ." A copy of the PFS Counterclaims is attached hereto as **Exhibit C**.

17. Because one or more claims alleged in the PFS Counterclaims are potentially covered, NABIC is required to defend all the entire action.

18. NABIC is obligated to pay Big Bend for all of its un-reimbursed defense expenses in connection with the PFS Counterclaims.

19. NABIC's duty to defend extends to claims based on groundless, false or fraudulent allegations.

20. The amounts that NABIC owes in defense costs and expenses are in addition to, and not subject to, the limits of its CGL Policy.

21. NABIC denied it had a duty to defend the PFS Counterclaims on or about December 5, 2013, alleging, among other things that the "Counterclaim does not trigger coverage under either of the NABIC policies" and "the only offenses coming within the definition of 'personal and advertising injury' are infringement of trade dress or slogan in the insured's advertisement which is not at issue here."

22. After NABIC denied coverage, Big Bend attempted to persuade NABIC to reconsider its denial because certain allegations in the PFS Counterclaims fell within the parameters of "personal and advertising injury" under the CGL Policy, triggering NABIC's duty

to defend. Examples of these communications are letters from Big Bend's counsel to NABIC's counsel dated January 14, 2014 and February 13, 2014.

23.    To date, NABIC continues to refuse to defend Big Bend in the PFS Counterclaims and has not responded to Big Bend's February 13, 2014 letter.

24.    The allegations described above in the PFS Counterclaims provide at least the potential for coverage under the "personal and advertising injury" coverage of the CGL Policy, triggering NABIC's duty to defend.

## COUNT I:  DECLARATORY JUDGMENT FOR DEFENSE

25.    Big Bend incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

26.    NABIC has, frivolously and without foundation in law or fact, breached its obligations as set forth in the CGL Policy sold to Big Bend. Specifically, NABIC has:

   a.   Failed to investigate Big Bend's coverage claim fairly or in a timely manner;

   b.   Refused to accord any reasonable interpretation to the provisions in the CGL Policy, and refused to accord any reasonable application of such provisions to Big Bend's coverage claims;

   c.   Refused to accept its obligation to defend Big Bend and refused to pay Big Bend for all reasonable amounts already incurred by Big Bend in defense of the PFS Counterclaims.

27.    For each of the reasons enumerated in paragraph 26, NABIC has rejected and/or repudiated and breached its duty to defend Big Bend.

28.    Big Bend is entitled to have the CGL Policy interpreted in a reasonable manner that maximizes its insurance coverage and protects Big Bend's reasonable expectation of coverage.

29. By reason of the foregoing, an actual and justiciable controversy exists between Big Bend and NABIC regarding NABIC's obligation to pay the reasonable defense costs it has incurred and will incur in connection with the PFS Counterclaims.

30. Big Bend thus seeks a judicial declaration by this Court of NABIC's obligation to defend Big Bend in the PFS Counterclaims and pay all un-reimbursed defense fees and costs incurred and to be incurred therein by Big Bend. For the foregoing reasons, such a judicial declaration is necessary and appropriate.

## COUNT II:  BREACH OF CONTRACT—
## REFUSAL TO DEFEND

31. Big Bend incorporates by reference the allegations contained in the preceding paragraphs of its Complaint as if fully set forth herein.

32. Big Bend has incurred, and will incur in the future, damages arising out of NABIC's refusal to defend Big Bend in the PFS Counterclaims.

33. NABIC has, frivolously and without foundation in law or fact, breached its duties and obligations under the CGL Policy by refusing to defend Big Bend in the PFS Counterclaims. Specifically, NABIC has:

   a. Failed to investigate Big Bend's coverage claim fairly or in a timely manner;

   b. Refused to accord any reasonable interpretation to the provisions in the CGL Policy, and refused to accord any reasonable application of such provisions to Big Bend's coverage claims;

   c. Refused to accept its obligation to defend Big Bend and refused to pay Big Bend for all reasonable amounts already incurred by Big Bend in defense of the PFS Counterclaims.

34. For each of the reasons enumerated in paragraph 33, NABIC has rejected and/or repudiated and breached its duty to defend Big Bend.

35. As a direct and proximate result of this breach, NABIC is liable to Big Bend for damages in excess of $75,000 for all costs and fees incurred or to be incurred by Big Bend in defense of the PFS Counterclaims, pre- and post-judgment interest, other consequential damages, and any such other relief that the Court deems just and proper.

## **PRAYER FOR RELIEF AGAINST NABIC**

WHEREFORE, Big Bend respectfully prays for a judgment against NABIC for the following:

(a) Payment in excess of $75,000 for outstanding and future defense fees and costs incurred in the PFS Counterclaims;

(b) Pre-judgment and post-judgment interest based upon and added to the damages as allowed by law;

(c) Attorneys' fees and costs associated with this action;

(d) Other consequential damages, if applicable;

(e) A declaration that NABIC is obligated to defend Big Bend under the CGL Policy with respect to the PFS Counterclaims; and

(f) Such other and further relief to which Big Bend may be entitled, or as the Court may deem just and proper.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiffs, by their counsel, hereby respectfully request a trial by jury on all issues so triable.

Dated:  May 13, 2014	Respectfully submitted,

           LATHROP & GAGE LLP


           By:  s/ Justin Poplin
             Justin Poplin GA Bar No. 142033
             jpoplin@lathropgage.com
             Michael J. Abrams (*pro hac vice* application pending)
             mabrams@lathropgage.com
             Kimberly K. Winter (*pro hac vice* application pending)
             kwinter@lathropgage.com
             2345 Grand Boulevard, Suite 2200
             Kansas City, Missouri 64108-2618
             Telephone:  (816) 292-2000
             Telecopier:  (816) 292-2001

             ATTORNEYS FOR PLAINTIFFS