IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FOLIAR NUTRIENTS, INC., BIG BEND AGRI-SERVICES, INC., and MONTY FERRELL, <br><br> Plaintiffs, <br> v. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:14-cv-00075-WLS |

**AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

Plaintiffs Foliar Nutrients, Inc., Big Bend Agri-Services, Inc. and Monty Ferrell (collectively referred to herein as "Big Bend"), by and through their undersigned counsel, for their Amended Complaint against Nationwide Agribusiness Insurance Company ("NABIC"), state and allege as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Foliar Nutrients, Inc. is a corporation organized and existing under the laws of the State of Georgia and has its principal place of business at 320 First Ave., Cairo, Grady County, Georgia 39828.  Foliar Nutrients, Inc. is qualified to do business in Georgia and is in good standing under the laws of the State of Georgia.

2. Plaintiff Big Bend Agri-Services, Inc. is a corporation organized and existing under the laws of the State of Georgia and has its principal place of business at 320 First Ave., Cairo, Grady County, Georgia 39828.  Big Bend Agri-Services, Inc. is qualified to do business in Georgia and is in good standing under the laws of the State of Georgia.

3. Monty Ferrell is an individual citizen of the United States and executive officer of Foliar Nutrients, Inc., with a permanent residence in Georgia.

4. Upon information and belief, NABIC is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in the State of Ohio.

5. This is an insurance coverage action for declaratory relief, breach of contract, and breach of the duty of good faith and fair dealing, arising out of NABIC's refusal to defend Big Bend against an original and amended Counterclaim filed by Plant Food Systems and Carl Fabry (collectively referred to as "PFS") in the lawsuit styled *Foliar Nutrients, Inc. v. Plant Food Systems, Inc., et al,* Case No. 6:13-cv-748-orl-37KRS, filed in the United States District Court for the Middle District of Florida (hereinafter the "PFS Counterclaim").

6. The Court has jurisdiction over these claims under 28 U.S.C. § 1332.

7. Venue is proper in this Court under 28 U.S.C. § 1391 and Rule 3.4.

## ALLEGATIONS COMMON TO ALL COUNTS

8. NABIC issued a Commercial General Liability policy to Big Bend, effective July 1, 2012 to July 1, 2013, with policy number CPP119071A (the "CGL Policy"). The CGL Policy was renewed for another annual term on July 1, 2013. A copy of the CGL Policy was attached to Big Bend's original Complaint **(Doc. 1)** as **Exhibit A**.

9. NABIC also issued a Commercial Liability Umbrella policy to Big Bend, effective July 1, 2012 to July 1, 2013, with policy number CU119071A (the "Umbrella Policy"). The Umbrella Policy was renewed for another annual term on July 1, 2013. A copy of the Umbrella Policy was attached to Big Bend's original Complaint **(Doc. 1)** as **Exhibit B**.

10. Big Bend has satisfied all obligations under the NABIC policies, including (but not limited to) full premium payment and timely notice of the PFS Counterclaim.

11. Alternatively, NABIC has waived any coverage defense it may have based on non-payment of premium or failure to provide timely notice.

12. Big Bend notified NABIC of the original PFS Counterclaim and demanded that NABIC defend it in the same on or about August 23, 2013.

13. An amended PFS Counterclaim was filed on or about July 29, 2014, containing virtually identical language as the original PFS Counterclaim for purposes of determining coverage under the NABIC policies.

14. A copy of the amended PFS Counterclaim was attached to Big Bend's Memorandum in Support of its Motion for Summary Judgment **(Doc. 14)** as **Exhibit D**, and thereby provided to NABIC, on or about August 5, 2014.  (The original and amended PFS Counterclaims will be referred to collectively hereafter as the "PFS Counterclaim.")

15. Under the CGL Policy, NABIC has "the right and duty to defend the insured against any 'suit' seeking" damages because of "'personal and advertising injury' to which this insurance applies. . . ."  <u>See</u> **Exhibit A**.

16. The CGL Policy insures against "'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."  <u>See</u> **Exhibit A.**

17. Relevant to the PFS Counterclaim, the CGL Policy insures against "personal and advertising injury" arising out of one or more of the following offenses:

    1. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

    \* \* \*

  f.  The use of another's advertising idea in your "advertisement"; or

  g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**Exhibit A.**

  18.  The PFS Counterclaim accuses Big Bend of, among other things, Lanham Act violations, tortious interference, unfair competition, "false and misleading descriptions of fact and representations of fact about its own and PFS' product," "contact[ing] PFS' customers and [telling] them that Foliar was in litigation with PFS and they should not purchase the PFS product" despite there being no litigation at that time, and "wrongfully coerc[ing] and threaten[ing] the actual and prospective customers of PFS . . . that, if they purchased and used the fertilizer products of PFS, they and their customers would be subjected to expensive and time consuming litigation. . . ." See **Exhibits C** and **D**.

  19.  Because one or more claims alleged in the PFS Counterclaim are potentially covered, NABIC is required to defend the entire action.

  20.  NABIC is obligated to pay Big Bend for all of its un-reimbursed defense expenses in connection with the PFS Counterclaim.

  21.  NABIC's duty to defend extends to claims based on groundless, false or fraudulent allegations.

  22.  The amount that NABIC owes in defense costs and expenses is in addition to, and not subject to, the limits of its CGL Policy.

  23.  NABIC denied it had a duty to defend the PFS Counterclaim on or about December 5, 2013, alleging, among other things that the "Counterclaim does not trigger coverage under either of the NABIC policies" and "the only offenses coming within the

definition of 'personal and advertising injury' are infringement of trade dress or slogan in the insured's advertisement which is not at issue here."

24. After NABIC denied coverage, Big Bend attempted to persuade NABIC to reconsider its denial because certain allegations in the PFS Counterclaim fell within the parameters of "personal and advertising injury" under the CGL Policy, triggering NABIC's duty to defend.  Examples of these communications are letters from Big Bend's counsel to NABIC's counsel dated January 14, 2014 and February 13, 2014.

25. To date, NABIC continues to refuse to defend Big Bend in the PFS Counterclaim.

26. The allegations described above in the PFS Counterclaim provide at least the potential for coverage under the "personal and advertising injury" coverage of the CGL Policy, triggering NABIC's duty to defend.

## COUNT I:  DECLARATORY JUDGMENT FOR DEFENSE

27. Big Bend incorporates by reference the allegations contained in the preceding paragraphs of this Amended Complaint, as if fully set forth herein.

28. NABIC has, frivolously and without foundation in law or fact, breached its obligations as set forth in the CGL Policy sold to Big Bend.  Specifically, NABIC has:

   a. Failed to investigate Big Bend's coverage claim fairly or in a timely manner;

   b. Refused to accord any reasonable interpretation to the provisions in the CGL Policy, and refused to accord any reasonable application of such provisions to Big Bend's coverage claims;

   c. Refused to accept its obligation to defend Big Bend and refused to pay Big Bend for all reasonable amounts already incurred by Big Bend in defense of the PFS Counterclaim.

29. For each of the reasons enumerated in paragraph 28, NABIC has rejected and/or repudiated and breached its duty to defend Big Bend.

30. Big Bend is entitled to have the CGL Policy interpreted in a reasonable manner that maximizes its insurance coverage and protects Big Bend's reasonable expectation of coverage.

31. By reason of the foregoing, an actual and justiciable controversy exists between Big Bend and NABIC regarding NABIC's obligation to pay the reasonable defense costs it has incurred and will incur in connection with the PFS Counterclaim.

32. Big Bend thus seeks a judicial declaration by this Court of NABIC's obligation to defend Big Bend in the PFS Counterclaim and pay all un-reimbursed defense fees and costs incurred and to be incurred therein by Big Bend.  For the foregoing reasons, such a judicial declaration is necessary and appropriate.

### COUNT II:  BREACH OF CONTRACT— <u>REFUSAL TO DEFEND</u>

33. Big Bend incorporates by reference the allegations contained in the preceding paragraphs of its Amended Complaint as if fully set forth herein.

34. Big Bend has incurred, and will incur in the future, damages arising out of NABIC's refusal to defend Big Bend in the PFS Counterclaim.

35. NABIC has, frivolously and without foundation in law or fact, breached its duties and obligations under the CGL Policy by refusing to defend Big Bend in the PFS Counterclaim. Specifically, NABIC has:

   a. Failed to investigate Big Bend's coverage claim fairly or in a timely manner;

   b. Refused to accord any reasonable interpretation to the provisions in the CGL Policy, and refused to accord any reasonable application of such provisions to Big Bend's coverage claims;

   c. Refused to accept its obligation to defend Big Bend and refused to pay Big Bend for all reasonable amounts already incurred by Big Bend in defense of the PFS Counterclaim.

36. For each of the reasons enumerated in paragraph 35, NABIC has rejected and/or repudiated and breached its duty to defend Big Bend.

37. As a direct and proximate result of this breach, NABIC is liable to Big Bend for damages in excess of $75,000 for all costs and fees incurred and to be incurred by Big Bend in defense of the PFS Counterclaim, pre- and post-judgment interest, other consequential damages, and any such other relief that the Court deems just and proper.

## COUNT III:  BAD FAITH REFUSAL TO PAY CLAIM

38. Big Bend incorporates by reference the allegations contained in the preceding paragraphs of its Amended Complaint as if fully set forth herein.

39. NABIC owes Big Bend a fiduciary obligation and a duty of good faith and fair dealing under the Policies issued to Big Bend.

40. Big Bend promptly demanded that NABIC honor its coverage obligations under its Policies and Georgia law, but, for longer than 60 days, NABIC has steadfastly refused to provide a defense for this covered loss. Specifically, NABIC:

   a. Failed to investigate Big Bend's coverage claim fairly or in a timely manner;

   b. Refused to accord any reasonable interpretation to the provisions in the CGL Policy, and refused to accord any reasonable application of such provisions to Big Bend's coverage claims;

   c. Refused to accept its obligation to defend Big Bend and refused to pay Big Bend for all reasonable amounts already incurred by Big Bend in defense of the PFS Counterclaim.

41. By refusing to provide a defense of the PFS Counterclaim, NABIC has breached its duties and obligations under the Policies in bad faith.

42. Pursuant to Ga. Code Ann. § 33-4-6, this Court has statutory authority to impose additional damages and award attorney's fees to Big Bend.

7

43. As a direct consequence of NABIC's bad faith, NABIC is liable to Big Bend for damages in an amount yet to be ascertained for all costs of defense and other sums incurred to date by Big Bend; the amount of the liability, if any, in the underlying matter; an additional fifty percent (50%) of the liability; and all reasonable attorney's fees for the prosecution of this action, pursuant to Ga. Code Ann. § 33-4-6; pre- and post-judgment interest; other consequential damages; punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances, and which will serve to punish NABIC and deter it from similar conduct in the future; and any such other relief that the Court deems just and proper.

## PRAYER FOR RELIEF AGAINST NABIC

WHEREFORE, Big Bend respectfully prays for a judgment against NABIC for the following:

(a) Payment in excess of $75,000 for outstanding and future defense fees and costs incurred in the PFS Counterclaim;

(b) Pre-judgment and post-judgment interest based upon and added to the damages as allowed by law;

(c) Attorneys' fees and costs associated with this action;

(d) Damages pursuant to Ga. Code Ann. § 33-4-6;

(e) Other consequential damages, if applicable;

(f) A declaration that NABIC is obligated to defend and indemnify Big Bend under the CGL Policy with respect to the PFS Counterclaim; and

(g) Such other and further relief to which Big Bend may be entitled, or as the Court may deem just and proper.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs, by their counsel, hereby respectfully request a trial by jury on all issues so triable.

Date:  September 8, 2014            Respectfully submitted,

                                    LATHROP & GAGE LLP


                                    By:  /s/ Kimberly K. Winter
                                        Justin Poplin GA Bar No. 142033
                                        jpoplin@lathropgage.com
                                        Michael J. Abrams (admitted *pro hac vice*)
                                        mabrams@lathropgage.com
                                        Kimberly K. Winter (admitted *pro hac vice*)
                                        kwinter@lathropgage.com
                                        2345 Grand Boulevard, Suite 2200
                                        Kansas City, Missouri 64108-2618
                                        Telephone:  (816) 292-2000
                                        Telecopier:  (816) 292-2001

                                        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that, on this 8th day of September, 2014, the foregoing was electronically filed and served by the ECF Court filing system on the below named counsel:

Julius F. "Rick" Parker III
William L. Wallis
Butler Pappas Weihmuller Katz Craig, LLP
3600 Maclay Blvd., Suite 101
Tallahassee, FL 32312
jparker@butlerpappas.com
wwallis@butlerpappas.com

ATTORNEYS FOR DEFENDANT


                                        /s/ Kimberly K. Winter
                                        An Attorney for Plaintiff