IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FOLIAR NUTRIENTS, INC., BIG BEND AGRI-SERVICES, INC., and MONTY FERRELL, <br><br> Plaintiffs, <br> v. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:14-cv-00075-WLS |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Plaintiffs Foliar Nutrients, Inc., Big Bend Agri-Services, Inc. and Monty Ferrell (collectively "Big Bend"), move for partial summary judgment in their favor against their insurer, Nationwide Agribusiness Insurance Company ("NABIC"). Big Bend requests that the Court declare that NABIC had a duty to defend Big Bend in the underlying litigation styled *Foliar Nutrients, Inc. v. Plant Food Systems, Inc., et al*, Case No. 6:13-cv-748-orl-37KRS, filed in the United States District Court for the Middle District of Florida) (hereafter the "PFS Lawsuit") from the time of the filing of the Answer and Counterclaim against Big Bend in the PFS Lawsuit (the "PFS Counterclaim") and continuing until the PFS Lawsuit was fully and finally resolved. Big Bend also requests an award of all its incurred and unreimbursed defense fees and costs in the PFS Lawsuit from the date of the filing of the PFS Counterclaim, along with post- and pre-judgment interest and any and all other relief the Court deems just and necessary.

As a matter of law, NABIC breached its duty to defend under a commercial general liability policy it issued to Big Bend (the "CGL Policy") by failing and refusing, without just

- 2 -

cause or excuse, to accept Big Bend's defense in the PFS Lawsuit after the filing of the PFS Counterclaim, despite the fact that the PFS Counterclaim asserted claims that fell within the CGL Policy's "Personal and Advertising Injury" coverage section. "Personal and Advertising Injury" is defined to include "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Specifically, the original and amended PFS Counterclaim alleged that Big Bend made allegedly disparaging and false comments about PFS and the fertilizer products PFS sold and manufactured. PFS claimed that Big Bend told PFS customers that they would be subject to "expensive and time consuming litigation" if they purchased and used PFS's products. PFS further claimed that Big Bend's actions "constitute false and misleading descriptions of fact and representations of fact about . . . PFS' product." The PFS Counterclaim sought damages under various theories, including unfair competition and Lanham Act violations.

A memorandum in support of this motion is filed herewith and incorporated by reference.

Accordingly, Big Bend requests that its Motion for Partial Summary Judgment be granted.

Date:  February 9, 2015						Respectfully submitted,

                LATHROP & GAGE LLP

              By:   /s/ *Michael J. Abrams*
                Justin Poplin GA Bar No. 142033
                jpoplin@lathropgage.com
                Michael J. Abrams (admitted *pro hac vice*)
                mabrams@lathropgage.com
                Kimberly K. Winter (admitted *pro hac vice*)
                kwinter@lathropgage.com
                2345 Grand Boulevard, Suite 2200
                Kansas City, Missouri 64108-2618
                Telephone:  (816) 292-2000
                Telecopier:  (816) 292-2001
                ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

  This is to certify that, on this 9th day of February, 2015, the foregoing was electronically filed and served by the ECF Court filing system on the below named counsel:

Julius F. "Rick" Parker III
William L. Wallis
Butler Pappas Weihmuller Katz Craig, LLP
3600 Maclay Blvd., Suite 101
Tallahassee, FL 32312
jparker@butlerpappas.com
wwallis@butlerpappas.com

ATTORNEYS FOR DEFENDANT

                */s/ Michael J. Abrams*
                An Attorney for Plaintiff